TYSON, Judge.
The appellant was indicted for escape in the first degree in violation of § 13A-10-31, Code of Alabama 1975, and the jury found him guilty as charged in the indictment. Following a Habitual Felony Offender hearing, the appellant was sentenced to life imprisonment in the penitentiary.
The evidence in the case at bar showed that the appellant, Michael Skinner, escaped from the Shelby County Jail sometime between 11:00 p.m. on May 26, 1983, and 5:15 a.m. on May 27, 1983.
I
During the trial of this case, the State called Harold Walden, a Circuit Judge for the Eighteenth Judicial Circuit, to prove the appellant had been properly incarcerated in the Shelby County Jail during the period when the escape occurred. Judge Walden’s testimony concerned a guilty plea he had accepted from the appel *919 lant. During the examination of Judge Walden, the following occurred:
“Q. Do you recall whether or not you advised him of the minimum and maximum sentences?
“MR. POWERS: Just a minute Your Honor, I would like to object at this point as to leading questions. This is getting down to the heart of some matters and Defense Counsel feels that it would be best to ask what was said rather than leading the witness.
“MR. WILLIAMS: If it please, may we respond, Your Honor?
“THE COURT: Yes.
“MR. WILLIAMS: If it please the Court, I had not even finished my question and further—
“MR. POWERS: Well, I apologize for interrupting.
“MR. WILLIAMS: It was in the form of, do you recall whether or not you gave such a minimum and maximum sentence and that would be the last question we would ask of this witness, Your Honor.
“THE COURT: Go ahead and finish your question, please.
“Q. Do you recall whether or not in Mr. Skinner’s plea you informed him of the minimum and maximum sentence available under Alabama law?
“MR. POWERS: I object to that as being suggestive of the answer, Your Honor, and to being a leading question.
“THE COURT: Well, of course, one of the considerations is whether or not the witness testifying is susceptible to having words put in his mouth. I overrule the objection.
“Q. Do you recall whether or not—
“MR. POWERS: Your Honor, I object and move for a mistrial as being a comment on the competency and weight to be given to the witness’ answer.
“THE COURT: What statement particularly?
“MR. POWERS: Of the Court.
“THE COURT: Well, I was ruling on the evidence and the jury understands that the jury is the sole determiner of the facts in any criminal case. I will state that to you very categorically now — you judge the evidence and credibility of all witnesses who testify. I play no part in that whatsoever.
“MR. POWERS: I move for a mistrial, Your Honor.” (R. 70-70A)
The appellant contends this cause should be reversed because the trial judge improperly commented on the evidence. We do not view the trial judge’s statement as an improper comment on the evidence. It was merely an explanation of his reasoning in overruling defense counsel’s objection. Bedingfield v. State, 47 Ala.App. 677, 260 So.2d 408 (Ala.Crim.App.1972); Cooper v. State, 393 So.2d 495 (1981).
Furthermore, if the trial judge’s statement had been found to be an improper comment on the evidence, the error was cured by the trial judge’s instructions to the jury as noted.
The motion for mistrial was properly overruled. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967) and authorities cited therein.
II
The appellant objects to the State introducing evidence that he had been previously convicted of a felony. While evidence of the commission of other crimes by the appellant is generally inadmissible to prove bad character, such was not the purpose of the evidence here presented by the State.
Section 13A-10-31(a) Code of Alabama provides:
“(a) A person commits the crime of escape in the first degree if:
“(1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody; or
“(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.”
One of the elements of escape is that the accused has been convicted of a felony. It *920 was necessary for the State, in order to establish this element of the offense at issue, to present evidence of the conviction for which the appellant was incarcerated at the time of the escape. Therefore, we find no basis for reversal on this issue.
Ill
Lastly, the appellant contends he was improperly sentenced under the Habitual Felony Offender Act. The State presented evidence of four prior felonies, all of which were based on guilty pleas. Defense counsel contends reversible error occurred because the record does not indicate whether the standards set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) were followed when each of these guilty pleas were accepted.
“Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), states that before a trial judge may sentence a defendant following a plea of guilty, he must inquire if the defendant’s plea has been given knowingly and voluntarily. However, this rule of law has no application to the instant case. It only applies during the sentencing of the defendant following his guilty plea. There is no authority that these matters must be reviewed when that conviction is used pursuant to the Habitual Offender Act.
“A plea of guilty is a conviction itself. This is not the proper forum for attacking a prior conviction used during a Habitual Offender hearing. The proper forum for attacking the validity of a prior conviction would be by a petition for a writ of error coram nobis. See Mayola v. State, 337 So.2d 105 (Ala.Crim.App. 1976).”
Jones v. State, 431 So.2d 1367 (Ala.Crim. App.1983). Scott v. State, [Ms. 1 Div. 535, July 5, 1983], (Ala.Crim.App.1983).
Furthermore, the State introduced certified copies of each of the minute entries and docket sheets of the appellant’s previous conviction. Thus, this was the proper method of proving these prior convictions. Thomas v. State, 395 So.2d 1105 (Ala.Crim. App. 1981).
There is no merit to the appellant’s contention on this issue.
No error appears in this record.
Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.