We granted the petition for writ of certiorari to consider whether proof of prior convictions by introduction into evidence of "case action summary sheets" or "trial docket sheets" is permissible.
We cannot distinguish this case from Harrison v. State,465 So.2d 475 (Ala.Crim.App. 1984), on the "case action summary sheet"/"minute book" issue. Harrison held that "[t]he case action summary is official, and indeed the only record of conviction which the [district court] clerk's office retains." Thus, the "case action summary sheet" maintained by the district court clerk's office (or a certified copy thereof), properly entered and duly certified, may be offered as proof of prior convictions.[1] However, the content of the "case action summary sheet" should include the pertinent information found in the "minute books." That is necessary in order for the document to be used to show a valid prior conviction. Consequently, the record of conviction should show or the state must otherwise prove, among other things, that the defendant had counsel or waived the right to counsel, because uncounseled prior convictions cannot be used either to support a finding of guilt or to enhance punishment for another offense, Burgett v.Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967);Palmer v. State, 401 So.2d 266 (Ala.Crim.App. 1981), and presuming waiver of the right to counsel *Page 730 
from a silent record is impermissible. Burgett, supra.
The record reveals that most of the records of prior convictions introduced did not reflect that the defendant had counsel or had waived the right to counsel, and the state made no attempt to otherwise show that he had. Therefore, it was error to admit the records of prior convictions that did not reflect that the defendant had counsel or had waived the right to counsel.
Furthermore, it was not harmless error to admit those inadmissible prior convictions on the basis that there were some admissible prior convictions. Introduction of inadmissible convictions is reversible error unless the improper introduction is " 'harmless beyond a reasonable doubt' within the meaning of Chapman v. California, 386 U.S. 18
[87 S.Ct. 824, 17 L.Ed.2d 705] [1967]." Burgett, supra, 389 U.S. at 115,88 S.Ct. at 262. Chapman counseled against concluding that admission of constitutionally defective evidence is harmless because there was other overwhelming evidence of guilt. While we consider the question to be close, the introduction of the constitutionally defective evidence is not "harmless beyond a reasonable doubt."
AFFIRMED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Acts of Alabama 1987, Act No. 87-604, enacted subsequent to the trial of this case, also authorizes the use of case action summary sheets.