Carvin Bryant, alias was charged by indictment with possession of a forged instrument in the second degree in violation of § 13A-9-6, Code of Alabama 1975 as amended. The appellant entered a not guilty plea at arraignment and the cause came on for trial in May, 1987.
The jury found the appellant "guilty as charged in the indictment" and the court sentenced the appellant to three years' imprisonment. The trial court denied the appellant's request for probation and set appeal bond.
Barbara Davis testified at trial that she was formerly Barbara Kilpatrick. The victim stated that on October 6, 1986 she was working at United Super Market at about 3:00 p.m. in the afternoon when she noticed her wallet missing from her purse. She stated that she hung her purse at the end of cash register six under a raincoat when she went to work. This wallet contained her checkbook. She reported the missing wallet and checkbook to the police. (R. 6)
Mrs. Davis then identified State's Exhibit 1 as one of her personal checks, number 684. The check was made out to one Tim Holmes. Davis indicated that she did not know anyone by this name and she did not make out check number 684 nor authorize it, nor did she sign it. She stated that the signature was not hers. Ms. Davis stated that she had closed this account when she was contacted and the missing check discovered.
On cross-examination, Ms. Davis identified this appellant as a regular customer at United Super Market. She stated that she had seen him in the store on October 6, 1986. When asked on cross, she stated that she had heard that the appellant had been accused of shoplifting. She had a specific memory of her wallet and checkbook being missing because it happened on her mother's birthday. Her wallet was later found in a bag of garbage. State's Exhibit 1 (check number 684) was the only check missing from her checkbook. (R. 14)
Sophia James testified that on October 6, 1986 she was employed as a cashier at the Winn-Dixie store in Andalusia, Alabama. She stated that this appellant, on October 6, 1986, came to her cash register to cash a check. The appellant would not give her his driver's license but instead read the license number out to her. She saw the appellant endorse the $50 check as "Tim Holmes". She identified State's Exhibit One as check number 684, which was cashed by this appellant at her cash register. She identified this appellant as the same man who cashed the check in question and endorsed it in her presence.
She stated on cross-examination that the check was dated October 26, 1986 but she had not noticed this discrepancy at the time she cashed it. She later saw this appellant during this same week in a washateria and *Page 940 
reported this incident to her store manager. She gave the police a description of this appellant on the night of October 6, 1986.
The appellant, Carvin Bryant, testified in his own behalf that he was 24 years of age and did carpentry work for his father. He denied cashing the check in question and stated that he had never seen it before. Bryant admitted that he had been convicted of theft of property in the third degree on January 17, 1985 in Andalusia Municipal Court. He also admitted to a second conviction for theft of property in the third degree on March 23, 1987 at Andalusia Municipal Court.
The defense rested after the appellant's testimony.
 I
The appellant raises two issues on appeal. The first is as to the overruling of his motion for judgment of acquittal and for directed verdict, indicating that the State failed to prove a prima facie case. The crux of the appellant's argument with reference to the failure of the State to present a prima facie case is that the check in question (State's Exhibit One) is "post-dated" and, therefore, "void" on its face.
As the Attorney General correctly points out in brief, the appellant's criminality does not revolve around the negotiability of the check, but whether or not the check in question was uttered with the requisite intent. See §§ 13A-9-3
and 13A-9-6, Code of Alabama 1975.
This court has treated this issue in a very similar case asHarrison v. State, 465 So.2d 475 (Ala.Crim.App. 1984), cert. denied, 465 So.2d 475 (Ala.Crim.App. 1985) and upheld the conviction there. Based on the authorities herein stated, the trial court correctly determined that the State presented a prima facie case against this appellant.
 II
The second issue presented by the appellant is whether or not this cause was properly tried in that a black venireman was struck from the jury panel just before trial. Appellant's counsel cites Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986) and the Supreme Court of Alabama's opinion in Ex Parte Jackson, 516 So.2d 768 (Ala. 1986).
This court has carefully considered this argument and for clarity sets out the following which occurred immediately after the jury was qualified at trial. (R. 3-4)
 "(At which time, the jury was duly qualified. After which time, the following occurred:)
"THE COURT: All right. You may proceed to strike.
 "(At which time, the attorneys approached the bench and the following occurred:)
 "MR. McGUIRE: We have received a report that he had written bad checks in the past.
"THE COURT: You mean that juror?
"MR. McGUIRE: Yes, sir.
 "MR. JOHNSON: But you have no information that he has committed any criminal act, never been charged with anything. And he is, in fact, Black and the Defendant is Black.
"THE COURT: All right.
 "(At which time, the jury was impanelled at 9:45 A.M.) (At which time, the witnesses were duly sworn and placed under the Rule.)
"THE COURT: Yes.
 "(At which time, Mr. McGuire makes his opening statement to the jury on behalf of the State of Alabama.)
 "(At which time, Mr. Johnson makes his opening statement to the jury on behalf of the Defendant.)
 "MR. McGUIRE: Call Barbara Kilpatrick Davis, please.
 "(At which time, the witness takes the witness stand.)"
In the very recent case of Preston Branch v. State, [Ms. 86-500, Alabama Supreme Court, September 18, 1987] (1987), the Supreme Court of Alabama has carefully laid down certain criteria for the lower courts to follow in passing upon issues raised under Batson v. Kentucky, supra. *Page 941 
In passing upon the record hereinabove quoted and the argument of counsel for appellant, we hold that his argument must fail for two reasons. First, the appellant failed to properly preserve this issue in the record by making a timely objection or any objection, indeed, to show that the State had used a system of peremptory strikes to eliminate blacks. Further, the objection was not made until after the venire had been excused. See Swain v. State, 504 So.2d 347
(Ala.Crim.App. 1986) and authorities therein cited.
Secondly, the appellant's argument must fail because the record here clearly discloses a race neutral explanation given within the meaning of Batson v. Kentucky, and Ex Parte Jackson
and Ex Parte Branch, supra. As noted in the record in this cause, the prospective juror who was challenged had written bad checks in the past. It is, therefore, apparent that a proper explanation was given for the use of this one peremptory challenge.
Under Batson v. Kentucky, Carnel Jackson and Preston Branch, supra a proper "race neutral" explanation for the use of the peremptory strike was here given. Tinsley v. State,507 So.2d 1004 (Ala.Crim.App. 1986), cert. quashed, 507 So.2d 1004
(Ala.Crim.App. 1987). Also, Nesbitt v. State, [Ms. 1 Div. 431, June 9, 1987] (Ala.Crim.App. 1987).
For the foregoing reasons, this cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.