McMILLAN, Judge.
The appellant was convicted of negotiating a worthless negotiable instrument, in violation of § 13A-9-13.1, Code of Ala *266 bama (1975). The appellant was fined $500 plus court costs and was sentenced to six months in the Jefferson County Jail. His sentence was suspended for two years, conditioned on his paying the fine and court costs, as well as making restitution in the amount of $6,275.
I
The appellant argues that he was prosecuted for the collection of a civil debt and that the case should have been brought in civil court; therefore, he says, this is an unconstitutional application of the Worthless Check Act. The appellant further argues that, although his check for $6,275 was made payable to Plaza Auto Sales, from whom the appellant purchased a 1982 Chevrolet van, when the check was returned for insufficient funds, the Midfield Auto Auction paid the amount to Plaza Auto Sales, pursuant to its policy of guaranteeing the checks submitted at its auctions. The appellant then made a payment of $145 to the manager of Midfield Auto Auction on the worthless instrument and therefore, the appellant argues, the debt became an open account rather than a worthless check so that the proper remedy lay in filing suit in the civil courts. The appellant cites King v. State, 401 So.2d 226 (Ala.Cr.App.), cert, denied, 401 So.2d 236 (Ala.1981), and Harris v. State, 378 So.2d 257 (Ala.Cr.App.), cert, denied, 378 So.2d 263 (Ala.1979), in support of his arguments.
King v. State, supra, is distinguishable from the present case in that in King a payment plan had been worked out with the appellant to satisfy his debt before a warrant was sworn. Furthermore, the warrant was not sworn out for over a year, in the belief that the appellant would pay the debt without the necessity of a criminal prosecution. The court found that if the debt had been paid prior to the warrant being sworn, no criminal prosecution would have been instituted. See King v. State, supra, at 235-36. Therefore, the prosecution was solely brought to collect a civil debt. In the present case, the manager of Midfield Auto Auction testified that he had never worked out a payment schedule with the appellant. Written notice was sent to the appellant after his check was returned for insufficient funds and, four months after the check had been received, a warrant was sworn against the appellant on the bad check. There is no indication in the record that had the appellant paid the check prior to the warrant being sworn, the prosecution would not have been pursued.
In Harris v. State, 378 So.2d 257 (Ala.Cr. App.1979), this court found that the prosecution was initiated solely to recover civil debts. Id. at 263. There was ample testimony in Harris that, if the appellant had paid his debts, the charges would have been dropped and that the creditor had never wanted the appellant to be put in jail. Id. at 262-63. In the present case, the appellant testified that, before the warrant was sworn, he attempted to make further payments on the check. On one occasion, he testified, he offered $300 and subsequently, he offered to lessen his debt by $70. The money was not accepted.
“It is true that our courts have ‘taken a dim view’ of the threat of prosecution to collect civil debts and that our constitution provides ‘that no person shall be imprisoned for a debt.’ Art. I, Sec. 20, Constitution of Alabama. Nonetheless, almost every criminal act also generates civil liability. To refuse to enforce criminal laws with vigor, because of civil consequences to the parties is unthinkable.”
Harrison v. State, 465 So.2d 475, 476 (Ala. Cr.App.1984) (wherein the appellant was charged with theft and although he paid for his “bounced” check, the criminality of the act was not lessened or diminished thereby).
The constitutionality of the Worthless Check Act was upheld in Tolbert v. State, 294 Ala. 738, 321 So.2d 227 (1975), wherein the court noted, “[W]e should not be understood as sanctioning its use for debt-collecting purposes.” 294 Ala. at 744, 321 So.2d at 232. This court has repeatedly condemned the use of threat of prosecution as a means of collecting of worthless checks. See Goolsby v. State, 213 Ala. 351, 104 So. 901 (1925). However, in the present case, it is clear from the record that this prosecu *267 tion was not solely a means of collecting on the appellant’s insufficient check.
II
The appellant argues that David McGee, of Plaza Auto Sales, who swore out the warrant, did not have the right to do so because Midfield Auto Auction had satisfied the debt owed to Plaza Auto Sales before the warrant was sworn. However, the appellant has failed to preserve this matter for review, where no objection was made before, during, or after trial. Willis v. State, 449 So.2d 1258 (Ala.Cr.App.1984); McConico v. State, 458 So.2d 743 (Ala.Cr. App.1984); Phillips v. State, 447 So.2d 1312 (Ala.Cr.App.1984), cert, denied, 471 U.S. 1019, 105 S.Ct. 2047, 85 L.Ed.2d 309 (1985).
AFFIRMED.
All the Judges concur.