TAYLOR, Presiding Judge.
The appellant, Billy Eugene Gilmer, Sr., was convicted of burglary in the first degree, a violation of § 13A-7-5, Code of Alabama 1975, and of discharging a firearm into an occupied building, a violation of § 13A-11-61. The appellant was sentenced to 20 years in the penitentiary for the burglary conviction and to 5 years for the firearm conviction.
I
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal on the first degree burglary charge because, he says, there was no evidence that he intended to commit a felony when he entered the victim’s apartment.
The victim testified that the appellant forced his way into her apartment and that he was armed with a rifle. She stated that earlier that evening, he had threatened to kill her. As he entered the apartment, the appellant grabbed the victim and said, “I am going to kill you, bitch.” They began to struggle over the gun. The victim testified that she escaped by pushing the appellant and running out the front door.
Whether the accused possessed the intent to commit a crime is a question for the jury. Farmer v. State, 565 So.2d 1238 (Ala.Cr.App. 1990). Here, the victim’s testimony was more than sufficient to allow a jury to conclude that the appellant intended to assault her as charged in the indictment.
II
The appellant contends that there was a “material variance” between the indictment charging the offense of discharging a firearm and the proof presented at trial.
The evidence tended to show that the appellant drove to the residence of the victim’s boyfriend, Johnny McQuain, and fired into his mobile home. McQuain was not in the mobile home at the time, but his son Ray was asleep in one of the bedrooms. The indictment charged the appellant with discharging a firearm into a “trailer belonging to Ray McQuain, while said trailer was occupied by Ray McQuain.” However, there was testimony that the mobile home was actually owned by Ray’s father, Johnny McQuain.
“To be material, a variance ... in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge.” Jackson v. State, 412 So.2d 302, 304 (Ala.Cr. App.1982). Here, whether the mobile home was correctly identified was never an issue because the appellant admitted that he fired at the mobile home in which Ray McQuain was sleeping. The inaccurate statement of ownership in the indictment did not prejudice or mislead the appellant in any way. Therefore, any variance between the indictment and the evidence in this regard was not material.
Ill
The appellant contends that he was denied a fair trial because, he says, the court erroneously commented on the evidence.
After the police dispatcher gave lengthy testimony concerning the timing and content of the police calls that went out after the crimes were reported, the trial court requested counsel for both sides to explain why the testimony was necessary. The trial court indicated that it did not think the testimony was relevant because the appellant did not dispute that he entered the victim’s apartment or that he discharged a firearm into her boyfriend’s mobile home. The court instructed each side to move on to the substantive issues in the case. The appellant moved for a mistrial claiming that the court, in effect, had told the jury that his evidence was not important.
“It is axiomatic that evidence must be material and relevant before it can be considered by the trier of fact.” Sheridan v. State, 591 So.2d 129, 132 (Ala.CrApp.1991). The trial court was performing its duty when it requested that the relevancy of the testimony be established. See Brandon v. State, 542 So.2d 1316 (Ala.Cr.App.1989). Furthermore, any possible error was cured by the court’s instruction to the jury to disregard any comments that it made and to determine *69 the relevancy and weight of the testimony for itself. Skinner v. State, 452 So.2d 917 (Ala. Cr.App.1984). The trial court did not err in denying the appellant’s motion for a mistrial.
IV
The appellant contends that the trial court erred in enhancing his burglary sentence under § 13A-5-6(a)(4). This statute mandates a minimum 20-year sentence for any Class A felony in which the accused used or attempted to use a firearm.
The appellant was convicted of first degree burglary because he was armed with a rifle when he broke into the victim’s apartment. Section 13A-7-5 reads in part:
“A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains in a dwelling with intent to commit a crime therein, and, if ... he or another participant in the crime:
“(1) Is armed with explosives or a deadly weapon.”
The appellant asserts that it is, in effect, “double dipping” to allow the firearm enhancement statute to apply to felonies such as first degree burglary, i.e. felonies, where the possession of a firearm is itself an element of the offense. This argument was rejected by the Alabama Supreme Court in Ex parte Yeung, 489 So.2d 1106 (Ala.1986), and more recently by this court in Cooper v. State, 584 So.2d 920 (Ala.Cr.App.1991). See also Bradford v. State, 512 So.2d 134 (Ala.Cr. App.1987). The trial court properly enhanced the appellant’s sentence by application of § 13A-5-6(a)(4), Code of Alabama 1975.
V
The appellant contends that the trial court erred when it did not hold a hearing on his motion for a new trial. In his motion, the appellant alleged that some of the jurors slept during the trial.
The appellant did not offer any evidence to support his allegation that certain jurors were sleeping. Moreover, the trial court was in a position to observe the jurors’ conduct during the course of the trial. The trial court committed no error in not holding a hearing on the appellant’s motion for a new trial. Clements v. State, 521 So.2d 1378 (Ala.Cr.App.1988).
For the foregoing reasons, the judgment of the circuit court is hereby affirmed.
AFFIRMED.
All the Judges concur.