317 So.2d 542

In re Larry PRIDE

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

SC 1039.

Supreme Court of Alabama.

May 22, 1975.

*Raines (In re: Raines v. State),* 294 Ala. 360, 317 So.2d 559, decided May 22, 1975.

**360**

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State, petitioner.

None for respondent.

SHORES, Justice.

We granted certiorari in this case on the State's petition to the Court of Criminal Appeals. Larry Pride, an eighteen-year-old, was convicted on a charge of robbery. He entered a plea of guilty. At the time his plea was taken, his constitutional rights as outlined in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, were explained to him. After entry of the guilty plea, the defendant applied for probation. Probation was denied and defendant was sentenced to ten years in the penitentiary.

On appeal to the Court of Criminal Appeals, the defendant charged the trial court with error in accepting his guilty plea without ascertaining that he had knowledge of the possibility that he might be considered a youthful offender under Title 15, §§ 266(1)–(6), 1958 Recompiled Code of Alabama, Pocket Part.

The Court of Criminal Appeals remanded the cause to the trial court for an investigation, examination, and determination whether, in its discretion, the defendant should be tried as a youthful offender.

We affirm under authority of *S. C. 1050—Ex parte Estate of Alabama ex rel. Attorney General (In re: Jesse Ray Clemmons v. State of Alabama),* 294 Ala. 746, 321 So.2d 238 (Ms.), this day decided, and observe that, since the Court of Criminal Appeals has retained jurisdiction, defendant may renew his appeal in that court for a review of other alleged error, if youthful offender status is denied him after the procedure set forth in *Clemmons,* supra, has been had.

Affirmed.

HEFLIN, C. J., MERRILL, BLOODWORTH, MADDOX, FAULKNER, JONES and EMBRY, JJ., and COLQUITT, Circuit Judge, sitting specially, concur.

ALMON, J., not sitting.