Willie J. Clemmons pled guilty to the fraudulent use or possession of a credit card in December of 1983. There is no indication that the conviction was appealed. In March of 1984, Clemmons filed a pro se petition for writ of error coram nobis alleging that his appointed counsel was ineffective, that a plea bargain agreement was not honored, and that his confession was coerced. After a hearing, at which Clemmons was represented by appointed counsel, the trial judge denied the petition. Clemmons appeals from that denial.
In ruling on the petition, the trial judge found the allegations incredible: "From the evidence produced in this case, the Court does not find that the Petitioner's story is creditable. . . . [T]he Court finds this petition frivolous, not made in good faith." Our review of the testimony presented at the hearing convinces us that the judge's conclusions are justified by the evidence.
Clemmons did not carry his burden of proof.
 "In a coram nobis proceeding the petitioner bears the burden of submitting clear, full and satisfactory proof of matters which, had they been timely submitted at trial, would have prevented a judgment of conviction . . . This burden extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court . . .
 "The degree of proof is `highly exacting as to facts "and always means more than reasonably satisfying."` The petitioner must convince the trial judge of the truth of his allegation and the judge must `believe' the testimony." Summers v. State, 366 So.2d 336, 343
(Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979) (citations omitted).
"Even where conflicting evidence is presented at a hearing on a petition for writ of error coram nobis, the trial judge must `believe' the evidence offered by the petitioner before he will be justified in granting relief. Seibert v. State,343 So.2d 788, 790 (Ala. 1977)." Howton v. State, 432 So.2d 548, 550
(Ala.Cr.App. 1983).
"This Court cannot pass upon the credibility of witnesses",Grimes v. State, 24 Ala. App. 419, 136 So. 485 (1931), nor "pass judgment on its possible truthfulness or falsity." Fagan v.State, 35 Ala. App. 13, 17, 44 So.2d 634, cert. denied, 253 Ala. 444, 44 So.2d 638 (1949).
This record supports no finding that the trial judge abused his judicial discretion in weighing the evidence. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 999