PATTERSON, Judge.
This appeal follows appellant’s conviction for the offense of assault in the second degree, which was entered pursuant to a plea of guilty, and the resulting sentence of ten years’ imprisonment and a $25 fine.
Upon review of appellant’s contentions for reversal, we find that only one merits our attention: “Whether the trial court erred in failing to advise the appellant of his rights as a youthful offender?”
The “Ireland” [1] form filed upon appellant’s plea of guilty and appellant’s answer upon the trial court’s inquiry during the guilty plea proceeding reflect that appellant is twenty years of age. However, the record is silent as to whether appellant was informed of the benefits of the Youthful Offender Act. Sometime prior to the acceptance of appellant’s plea, appellant should have been apprised of his right to request youthful offender status. Pride v. State, 55 Ala.App. 575, 317 So.2d 541 (1974), aff'd, 294 Ala. 359, 317 So.2d 542 (1975).
Accordingly, we remand this cause with directions to the trial court to determine whether, prior to the guilty plea proceedings, appellant was apprised by the trial court of his right to request youthful offender status and, if such was not done, the court shall bring appellant before it, inform him of the provisions of the Youthful Offender Act, and act in accordance with appellant’s response. See Clemmons v. State, 294 Ala. 746, 749-50, 321 So.2d 238, 242 (1975). Thereafter, the trial court shall make written findings, which, along with a copy of the record of the hearing, shall then be filed with this court.
REMANDED WITH DIRECTIONS.
All Judges concur.

*236
On Return to Remand

PATTERSON, Judge.
On initial review, we found that the record, while showing that appellant was young enough to be considered a youthful offender, did not disclose that appellant had been informed of the benefits of the Youthful Offender Act, and of his right to request youthful offender status. We remanded, the case to the trial court with instructions to determine if the appellant had been so advised, and if not, to bring appellant before the court and follow the procedures suggested in Clemmons v. State, 294 Ala. 746, 749-50, 321 So.2d 238, 242 (1975).
We have received a communication from the trial court which includes an order and an amended order in reference to the instant case, and an order and case action summary of a companion case involving appellant, Case No. CC 85-107. It appears that prior to appellant pleading guilty in the instant case, he appeared before the same trial judge on September 25, 1985, and plead guilty in Case No. CC 85-107 to burglary in the third degree and was sentenced to eighteen months in the penitentiary. Appellant was placed on three years’ probation on November 18, 1985; however, the probation was revoked by the same judge on January 8, 1986, because of the charge of robbery involved in the present case. Prior to appellant pleading guilty on September 25, 1985, in the burglary case, he had requested youthful offender status on May 10, 1985, which was denied June 5, 1985.
In the instant case, No. CC 86-16, appellant plead guilty to assault in the second degree and was sentenced to ten years in the penitentiary. This sentence was ordered to run concurrently with his eighteen months sentence in the burglary case. In the case now before us, he was not advised of his right to request youthful offender status; however, the trial court in its amended order states that had appellant requested youthful offender status in the instant proceedings, the court would have denied the request. The court had already considered appellant for such status in the previous case, and based on the probation officer’s report, had determined that appellant was not eligible to be treated as a youthful offender.
We consider the orders filed by the trial judge in the instant case along with the orders and case action summary in Case No. CC 85-107, as a sufficient return to remand in this case. Upon consideration of the return to remand, we find that to require the trial court to call appellant back before it for the purpose of advising him again of his right to request youthful offender status, knowing that the request would be denied, would amount to ordering the court to perform a useless act, which we are not disposed to do. It is clear that the failure of the trial court in the instant case to expressly advise appellant of the provisions of the Youthful Offender Act, in view of the proceedings in the previous case, and the statement of the trial court that had the request been renewed in the present case, it would have been denied, did not result in prejudice to appellant, and if indeed it constituted error, it was error without injury. A.R.A.P. 45.
We, therefore, find that the judgment of conviction in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).