This appeal follows appellant's conviction for the offense of assault in the second degree, which was entered pursuant to a plea of guilty, and the resulting sentence of ten years' imprisonment and a $25 fine.
Upon review of appellant's contentions for reversal, we find that only one merits our attention: "Whether the trial court erred in failing to advise the appellant of his rights as a youthful offender?"
The "Ireland"[1] form filed upon appellant's plea of guilty and appellant's answer upon the trial court's inquiry during the guilty plea proceeding reflect that appellant is twenty years of age. However, the record is silent as to whether appellant was informed of the benefits of the Youthful Offender Act. Sometime prior to the acceptance of appellant's plea, appellant should have been apprised of his right to request youthful offender status. Pride v. State, 55 Ala. App. 575, 317 So.2d 541
(1974), aff'd, 294 Ala. 359, 317 So.2d 542 (1975).
Accordingly, we remand this cause with directions to the trial court to determine whether, prior to the guilty plea proceedings, appellant was apprised by the trial court of his right to request youthful offender status and, if such was not done, the court shall bring appellant before it, inform him of the provisions of the Youthful Offender Act, and act in accordance with appellant's response. See Clemmons v. State,294 Ala. 746, 749-50, 321 So.2d 238, 242 (1975). Thereafter, the trial court shall make written findings, which, along with a copy of the record of the hearing, shall then be filed with this court.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971). *Page 236