This is an appeal from the denial of a petition for post-conviction relief. The pertinent facts are set out in chronological order:
 January 11, 1973: The then 16-year-old petitioner pleaded guilty and was convicted as a youthful offender of automobile burglary (28044) and grand larceny (27729) in Mobile County. He was given a three-year suspended sentence concurrent in each case. He was represented by Attorney David Barnett. Documentation of these youthful offender convictions appears as "Court's Exhibit A" in the appellate record of Pardue v. State, 1 Div. 491 (1st degree murder, 29622). August 14, 1973: The petitioner was convicted in Baldwin County for first degree murder and sentenced to life imprisonment. The petitioner was represented by Attorney Chandler Stanard. This conviction has not been challenged in any of these proceedings.
 October 24, 1973: The then 17-year-old petitioner pleaded guilty to the first degree murder of Will Henry Hodges (29621) and to the first degree murder of Theodore Roosevelt White (29622) in Mobile County. He was sentenced to life imprisonment in each case.
 On that same date, the petitioner also pleaded guilty to three charges of grand larceny (29623, 29634, 29635) and was sentenced to 10 years' imprisonment in each case to run concurrent with the life sentence for the murder conviction in case 29621. The petitioner was represented in all five cases by Attorney Stanard.
 March 5, 1974: The petitioner filed a pro se notice of appeal from the two Mobile County murder convictions. He requested that inmate Robert A. Langston be appointed his "legal assistant," requested a transcript, and requested leave to proceed in forma pauperis.
 March 22, 1974: The motion to appoint Langston was denied, but the circuit court granted the request for a transcript and ordered it prepared and filed at state expense.
 July 29, 1974: The petitioner's appeals from the two murder convictions were submitted to this Court on the brief of the appellee.
 August 13, 1974: This Court affirmed the murder convictions, without opinion, despite the fact that there was no timely notice of appeal and no order granting an "out-of-time" appeal.
 February 12, 1988: The petitioner filed a petition for post-conviction relief attacking his 1973 murder convictions in Mobile County.
 October 11, 1989: After two evidentiary hearings, the circuit court issued a written order denying the petition.
In denying the petition, the circuit court entered the following order:
 "This matter coming before the Court on the Motion of the Defendant on Petition For Post-Conviction Relief, the Court finds as a matter of fact:
 "The Petition filed by Petitioner, Michael Rene Pardue, was for relief from conviction or sentence under Rule 20 of the Alabama Rules of Criminal Procedure. In his Petition, Mr. Pardue claims that he was denied effective assistance of counsel prior to and during the entering of his guilty pleas in these causes before this court; that he was never fully advised of his rights and the consequences of his guilty pleas by the Court before he entered them; and that he was never advised of the provisions of the Youthful Offender Act and of his right to apply for and be considered for Youthful Offender treatment prior to the entering of his guilty pleas in these causes.
 "The Court held two full hearings in this cause, during which the defendant had an opportunity to present any and all evidence he had relative to these issues. In fact, the defendant himself took the stand and testified in his own behalf, and Mr. Chandler Stanard, the attorney who represented Mr. Pardue in these causes, was called as a witness for the State, and gave testimony relative to the issues before the Court in this cause.
 "After having heard and considered all of the testimony, exhibits and other evidence *Page 504 
adduced at these hearings by and on behalf of both sides, including briefs of counsel, this Court makes the following specific findings of fact:
 "(1) That the representation of Petitioner by Mr. Chandler Stanard, his attorney in these causes, both prior to, and at the time Petitioner entered his pleas of guilty in these causes, was in all respects adequate;
 "(2) That, as evidenced by the guilty plea forms which were signed by the Petitioner in these causes in the presence of his attorney, and as further evidenced by the testimony of the Petitioner's Attorney to the effect that he went over these forms with the Petitioner prior to the Petitioner's entering of his guilty pleas before this Court, and as further evidenced by the colloquy of Judge Bolling with the defendant at the time he entered his guilty pleas, the Petitioner, at the time he entered his guilty pleas in these causes, had been fully informed by the Court, and by the defense counsel as well, as to all of his rights under Boykin v. Alabama, [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and as to the consequences of his pleas of guilty, and, thus, entered his guilty pleas in these causes voluntarily, knowingly, and intelligently, with full knowledge of the contents thereof;
 "(3) That the evidence before the Court is inadequate to show whether or not the Petitioner was advised of his right to apply for and be considered for treatment as a Youthful Offender by the Court prior to his entering of pleas of guilty in these causes;
 "(4) That, notwithstanding the Court's finding in (3) above, the Court specifically finds, as a matter of fact, that, at the time the defendant came before this Court in these cases for his arraignment, he was already charged with First Degree Murder in Baldwin County, Alabama, and that, at the time he entered his pleas of guilty in these cases, he had already been convicted of Murder in the Baldwin County case; the Court further specifically finds that Judge Bolling, with knowledge of the fact that the defendant had a murder charge pending against him in Baldwin County, Alabama, at the time of defendant's arraignment in these cases, the Court would not have granted the Petitioner Youthful Offender status.
 "This Court, having made the aforementioned findings of fact, is thus of the opinion that the grounds advanced by Petitioner for relief from conviction or sentence in his Petition under Rule 20 of the Alabama Rules of Criminal Procedure, have no merit. Accordingly, it is the Order of this Court that said Petition is due to be, and the same is hereby, DENIED."
 I
Pardue argues that his petition should have been granted and his prior convictions set aside because he was not informed of his right to request youthful offender treatment prior to pleading guilty.
In Ex parte Petty, 548 So.2d 636, 638 (Ala. 1989), the Alabama Supreme Court stated:
 "[I]n a case in which the youthful defendant enters a plea of 'guilty,' without notice of the [Youthful Offender] Act, any subsequent notice by the court would be ineffective. Thus, the defendant, in such a case, would be entitled to withdraw his former 'guilty' plea and proceed with his application for youthful offender treatment.
 "We hold, then, that while a trial court should inform a youthful defendant of the provisions of the Youthful Offender Act prior to the plea stage, its failure to do so will not constitute reversible error if the court gives adequate notice prior to conviction, unless, of course, the defendant entered a plea of 'guilty' to the charges against him, without notice of the Act, or he can otherwise show that he has been prejudiced by the court's delay."
(Footnotes omitted.) See also Coleman v. Alabama, 827 F.2d 1469
(11th Cir. 1987).
In this case, the circuit court should have advised the petitioner of his youthful *Page 505 
offender rights before accepting the guilty pleas as to the two murder charges. However, we agree with the findings of the post-conviction court that, under the circumstances, the circuit court would not have granted youthful offender treatment. As this Court noted in Byrd v. State, 497 So.2d 235,236 (Ala.Cr.App. 1986):
 "[W]e find that to require the trial court to call appellant back before it for the purpose of advising him again of his right to request youthful offender status, knowing that the request would be denied, would amount to ordering the court to perform a useless act, which we are not disposed to do. It is clear that the failure of the trial court in the instant case to expressly advise appellant of the provisions of the Youthful Offender Act, in view of the proceedings in the previous case [in which youthful offender treatment was denied], and the statement of the trial court that had the request been renewed in the present case, it would have been denied, did not result in prejudice to appellant, and if indeed it constituted error, it was error without injury."
In this case, the following assumptions are reasonable and the record supports a finding that the circuit judge who accepted the petitioner's 1973 guilty pleas as to murder knew that the petitioner had been granted youthful offender treatment for burglary and grand larceny in 1973; seven months later, while on probation for those offenses, the petitioner had been convicted of first degree murder and had been sentenced to life imprisonment; and while on that same probation, the petitioner had been indicted for two additional murders and three cases of grand larceny. We fully agree with the statement of the circuit judge that, under these circumstances, "I don't see how it is conceivable that Judge Bolling would even entertain youthful offender status for the defendant."
"The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential, rehabilitative system." Raines v. State, 294 Ala. 360, 363, 317 So.2d 559, 561
(1975). The petitioner, by his own conduct, had placed himself beyond the purpose and scope of the Youthful Offender Act. Indeed, the granting to the petitioner of such special and lenient status as that provided by the Youthful Offender Act would, in this particular case, have been unconscionable and in frustration of the very intent and design of the act.
Additionally, we note that there was never any motion to withdraw the guilty plea and that this issue was never presented to the circuit court. "It is for the trial court, which accepted the plea, to consider and correct, in the first instance, any error which may have been committed or any deficiency in the [guilty plea] proceedings." Willis v. State,500 So.2d 1324 (Ala.Cr.App. 1986). "[The defendant's] failure to present to the trial court the claimed error in timely manner precludes [the defendant] from challenging his plea on appeal." Id. at 1325.
 II
The petitioner alleges that his petition for post-conviction relief should have been granted because he was not informed of his right to appeal the 1973 guilty plea convictions by either the circuit judge or his attorney.
 "It has been held that failure to notify an individual of his right to appeal following a guilty plea does not in itself constitute ineffective assistance of counsel. . . . There is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea. . . . However, it has been held that extraordinary circumstances might establish that the omission of advice actually denied a defendant due process of law."
Allison v. State, 495 So.2d 739, 741 (Ala.Cr.App. 1986).
 "[A] defendant who pleads guilty waives all but a few grounds on which to appeal [because a guilty plea, since it admits all the elements of a formal criminal charge, *Page 506 
waives all non-jurisdictional defects in the proceedings], and these grounds are not limited to review in a direct appeal after sentencing. Thus, an attorney's failure to file a direct appeal under these circumstances does not constitute ineffective assistance of counsel since it causes no harm to the defendant."
Ferguson v. United States, 699 F.2d 1071, 1073 (11th Cir. 1983). See Annot., 13 A.L.R. 4th 533 (1982).
 "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence."
United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762,102 L.Ed.2d 927 (1989).
At one of the evidentiary hearings on the petition for post-conviction relief, the petitioner testified that he was not informed of his right to appeal. However, the petitioner did not testify that had he been informed of that right he would have taken an appeal.
In his petition, the petitioner affirmatively indicated that there had been no appeal from the murder convictions. However, approximately four months after his convictions for murder, the petitioner, with the assistance of another inmate, did file notice of appeal and was granted a transcript of his guilty plea proceedings. The petitioner failed to file a brief in support of his appeal and apparently failed to prosecute that appeal. At the evidentiary hearing, the petitioner testified that he "mailed" some "grounds" to this Court for consideration but that he did not remember what they were. He also testified that he did not know that his conviction had been affirmed.
The petitioner's trial counsel, Chandler Stanard, testified at the post-conviction hearing but was not asked any question about an appeal from the murder convictions.
Under these conditions, we find no merit to the petitioner's argument. The facts are that the petitioner did appeal his guilty plea convictions for murder and that that appeal was affirmed on the merits. The appeal was not dismissed because the notice of appeal was not timely filed to invoke the jurisdiction of this Court, Rule 2(a)(1), A.R.A.P.; because the petitioner failed to file a brief, Rule 2(a)(2)(A); or because the petitioner failed to prosecute his appeal, Rule 2(a)(2)(C). In Stephenson v. State, 469 So.2d 1355, 1358 (Ala.Cr.App. 1985), this Court stated: "As the appellant admits in brief, . . . although this right [to appeal from a guilty plea conviction] was not explained to him, counsel was appointed for him on appeal and he did file an appeal. Thus, any error which allegedly occurred was rendered harmless by the appellant's filing of his appeal and our consideration thereof."
Under the circumstances of this case, the petitioner is not entitled to have his murder convictions set aside or to be granted an "out-of-time" appeal.
 III
The petitioner contends that his trial counsel was ineffective because counsel allegedly 1) failed to investigate the facts of the offenses; 2) failed to investigate the facts surrounding the petitioner's arrest, detention, and confession; and 3) unlawfully induced the petitioner to plead guilty by threatening him with the death penalty.
There is testimony in the transcript from the evidentiary hearing which supports these allegations. However, there is also evidence in the record which tends to prove that these contentions are unfounded. In fact, at the guilty plea proceedings the circuit judge, before accepting the petitioner's guilty pleas, asked the petitioner, "Are you satisfied with the manner in which *Page 507 
[Chandler Stanard] has represented you as an attorney? " The petitioner replied, "Yes, sir."
In a proceeding for post-conviction relief, the petitioner has the "burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief." Rule 20.3, A.R.Cr.P.Temp.
 " 'Even where conflicting evidence is presented at a hearing on a petition for [post-conviction relief], the trial judge must "believe" the evidence offered by the petitioner before he will be justified in granting relief. Seibert v. State, 343 So.2d 788, 790 (Ala. 1977).' Howton v. State, 432 So.2d 548, 550 (Ala.Cr.App. 1983).
 " 'This Court cannot pass upon the credibility of witnesses,' Grimes v. State, 24 Ala. App. 419, 136 So. 485 (1931), nor 'pass judgment on its possible truthfulness or falsity.' Fagan v. State, 35 Ala. App. 13, 17, 44 So.2d 634, cert. denied, 253 Ala. 444, 44 So.2d 638 (1949)."
Clemmons v. State, 459 So.2d 997, 998 (Ala.Cr.App. 1984).
These findings of the circuit court, although based on conflicting evidence, are supported by evidence. Therefore, they will not be disturbed by this Court.
 IV
The petitioner contends that the circuit court erred in sentencing him to two consecutive terms of life imprisonment because the terms should have been concurrent under the plea bargain agreement.
Again, there is conflicting evidence in the record concerning this particular issue. At one evidentiary hearing, defense counsel Stanard testified that "[t]he arrangement was that he plead guilty to the two murder cases and the collateral cases and he would get life — a life sentence." He indicated that the plea bargain was upheld. On cross-examination of defense counsel by the petitioner's counsel, the following occurred:
"Q. And he didn't get a life sentence, did he?
"A. No, He got two life sentences.
 "Q. Two life sentences. So he didn't even get what he was pleading to according to what you just told the district attorney, he was going to get a life sentence?
 "A. Well, that was my miscommunication then to the district attorney just then. He was to get a life sentence in each case.
"Q. Running concurrently or consecutively?
 "A. I don't recollect today how it was. I think the record will, you know, set out whether it was concurrent or consecutive."
There is nothing in the record of the guilty plea convictions to indicate the existence of any plea bargain agreement, and the record is silent as to whether the sentences were to run concurrent or consecutive. "When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively. . . ." Ala. Code 1975, § 14-3-38.
In the opinion of this Court, the petitioner has failed to carry his burden of proof on this issue.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed. In making this determination, this Court has considered the petitioner's inordinate delay in filing his petition.
AFFIRMED.
All Judges concur. *Page 723