ON APPLICATION FOR REHEARING
Our opinion of March 30, 1990, is withdrawn, and the following becomes the opinion of this Court.
This Court set aside the original submission of this cause and remanded it to the circuit court because appellant's counsel had not filed a brief. On remand, the circuit court found
 "that the reason for failure to file a brief was that no rulings had been made on any of the post-trial motions and that agreements and consents by the State and defendant's counsel to continue those post-trial motions were made within the time allowed by law and they were continued from time to time in order to allow this court to obtain from its former court reporter a transcript of earlier proceedings in other cases involving the same defendant in order that it could make an informed decision with respect to the questions raised in the post-trial motions."
In a written order the circuit court stated:
 "The court determined that the reason that a brief had not been filed on behalf of the defendant, was that the post-trial Motions for New Trial, In Arrest of Judgment, and to Amend the defendant's sentence were timely filed and continued from time to time pursuant to the time allowed by law under Rule 13 of the Alabama Rules of Criminal Procedure, and that they had not been ruled on in any manner, up until October 13, 1989. This court is of the opinion that pursuant to Rule 13, . . . the time had not yet begun to run for the defendant's counsel to file a brief in this manner."
Based on these findings, we conclude that appointed counsel was not negligent or ineffective in failing to file a brief on original submission of this cause. Appellate counsel having filed a brief on resubmission, we turn now to a consideration of the issue presented therein.
On May 4, 1989, Lochli pleaded guilty to, and was convicted of, two charges of first degree robbery. That same day, he was sentenced as a habitual offender to two concurrent terms of life imprisonment. At the sentencing hearing, Lochli admitted that he had two prior felony convictions, a 1986 conviction for fraudulent use of a *Page 296 
credit card (CC-86-541FW) and a 1987 conviction for third degree burglary (CC-87-0891FW). At that time, he did not contest the validity of either of the prior convictions, both of which had been entered upon guilty pleas.
On June 1, 1989, Lochli filed a motion for new trial or in arrest of judgment. On June 2, 1989, he filed a motion to amend the sentence. In these motions he asserted that his prior felony convictions should not have been considered for enhancement purposes because he had not been advised of his right to apply for youthful offender treatment prior to entering his guilty pleas. An evidentiary hearing was held on Lochli's motions on October 12, 1989. At this hearing, defense counsel withdrew his objection to the use of the prior conviction for fraudulent use of a credit card (CC-86-541FW), admitting that the record in that case showed not only that Lochli had been properly informed of his right to apply for youthful offender treatment, but also that he had been denied such treatment after application and investigation therefor.
We note at the outset that Lochli's post-trial motions filed in the instant robbery cases were not the proper method of attacking the validity of the prior convictions used for enhancement purposes. The proper way to attack the validity of a prior conviction is to file a petition for post-conviction relief from that conviction. See e.g. Ex parte Scott,460 So.2d 1371, 1374 (Ala. 1984); Johnson v. State, 541 So.2d 1112, 1115
(Ala.Cr.App. 1989); Jones v. State, 431 So.2d 1367, 1372
(Ala.Cr.App. 1983).
Goodwin v. State, 516 So.2d 818 (Ala.Cr.App. 1986), writ quashed, 516 So.2d 821 (Ala. 1987), involved a challenge to an enhanced sentence similar to the one advanced by Lochli. Goodwin was convicted of first degree robbery and was sentenced as a habitual offender to life imprisonment without the possibility of parole. He asserted that one of his prior convictions should not have been considered for enhancement purposes "because the certified copy of that conviction did not show that the defendant had waived youthful offender status."516 So.2d at 820. In affirming Goodwin's enhanced sentence, we stated:
 "While a prior adjudication as a youthful offender cannot be used to enhance punishment under Alabama's Habitual Felony Offender Act, Ex parte Thomas, 435 So.2d 1324, 1326 (Ala. 1982), the properly authenticated evidence of a prior felony conviction need not indicate that the accused waived youthful offender treatment or was denied treatment as a youthful offender.
 "Youthful offender rights under a prior conviction cannot be raised at the sentencing hearing of an habitual felony offender but may be challenged by a petition for writ of error coram nobis. Jones v. State, 431 So.2d 1367, 1372
(Ala.Cr.App. 1983), followed in Ex parte Scott, 460 So.2d 1371, 1374 (Ala. 1984)."
516 So.2d at 821 (emphasis added). Cf. Johnson v. State,541 So.2d at 1115 (sentencing hearing for subsequent conviction is not the proper forum for defendant's attack on prior convictions based on claim that juvenile transfer proceedings were not shown in documentation of the prior convictions; "the proper forum for attacking the validity of a prior conviction would be by a petition for writ of error coram nobis").
Although Lochli attacked the validity of his prior conviction in post-trial motions rather than at the sentencing hearing for the instant offenses, the fact remains that he has chosen the wrong forum in which to raise this issue.[1] Moreover, even if this were the proper forum for such an attack, it would not be necessary to set aside his prior burglary conviction (CC-87-0891FW).
In order to make a knowing and valid guilty plea, a defendant must have been informed of certain facts, including the maximum and minimum sentence that may be imposed by law for the crime with *Page 297 
which he is charged. Boykin v. Alabama, 395 U.S. 238, 244 n. 7,89 S.Ct. 1709, 1713 n. 7, 23 L.Ed.2d 274 (1969); Carter v.State, 291 Ala. 83, 85, 277 So.2d 896, 897 (1973). UnderColeman v. Alabama, 827 F.2d 1469 (11th Cir. 1987), the right to apply for youthful offender treatment[2] is the equivalent of a sentencing option and an age-eligible defendant must be apprised of this right prior to the acceptance of his guilty plea. However, the failure of a trial court to advise a defendant of his right to apply for youthful offender treatment prior to the acceptance of the guilty plea does not automatically require that the plea be set aside. See Pardue v.State, 565 So.2d 502, 504 (Ala.Cr.App. 1990). As in any situation where the defendant is given sentencing misinformation, the mere fact that he was given such misinformation
 " 'does not end the matter. "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). The dispositive issue . . . is whether [the defendant] would have or would not have pleaded guilty had he been given the correct [information]. See Pitts v. United States, 763 F.2d 197, 201 (6th Cir. 1985); Williams v. Smith, 591 F.2d 169 (1979).'"
Jackson v. State, 565 So.2d 669, 671 (Ala.Cr.App. 1990) (quoting Holman v. Jones, No. CV-87-A-2163-S (N.D.Ala., Nov. 16, 1988)) (emphasis added). See also Williams v. Smith,591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920,99 S.Ct. 2845, 61 L.Ed.2d 289 (1979) ("the test . . . for determining the constitutional validity of a state court guilty plea where the defendant has been given sentencing misinformation is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea").
In this case, Lochli has neither alleged nor proven that had he been informed of his right to apply for youthful offender treatment it would have altered his decision to plead guilty to the burglary charge (CC-87-0891FW). Moreover, the trial judge in the instant cases effectively permitted Lochli to retroactively apply for youthful offender treatment in the 1987 burglary case and denied that application after a consideration of Lochli's situation as it existed in 1987.
At the hearing on Lochli's post-trial motions, the trial judge informed the parties that she was "trying to take a remedial action here . . . [t]o see whether he should have been considered [in the 1987 burglary case (CC-87-0891FW)] as a youthful offender." The judge indicated that if Lochli would have "qualified" for youthful offender treatment at the time he entered his guilty plea, she "would allow him to withdraw his adult guilty plea and then proceed as a youthful offender, either by pleading not guilty or guilty, one or the other." Lochli made no objection to this proposal and defense counsel responded, "Yes, Ma'am. All right, we agree and we agree tocorrecting the record." (Emphasis added.) The trial judge then obtained the consent of both Lochli and defense counsel to a youthful offender investigation which she had already requested and which had been completed. After informing Lochli that she was considering his arrest record, his personal and social history, and the details of the alleged offense, "without considering any subsequent charges, arrests, or convictions," the trial judge denied Lochli's application for youthful offender status in the 1987 burglary case (CC-87-0891FW) and allowed the sentences for the instant offenses to stand as originally imposed. Authority for the trial judge's retroactive consideration of Lochli's application for *Page 298 
youthful offender treatment is found in Clemmons v. State,294 Ala. 746, 750, 321 So.2d 238, 242 (1975) (cause remanded on ground that defendant had not been advised of right to apply for youthful offender treatment prior to jury trial; trial court instructed to proceed with youthful offender investigation if defendant consented thereto; "[i]f, after the investigation and examination, the court determines that the defendant is not entitled to youthful offender treatment, the judgment of conviction and the sentence imposed stand"). Seealso Byrd v. State, 497 So.2d 235 (Ala.Cr.App. 1986) (where defendant appealed guilty plea on ground that he had not been informed of right to apply for youthful offender treatment, cause was originally remanded for trial court to determine whether defendant had been advised of such right and, if defendant had not been so advised, trial court was instructed to so advise him and to "act in accordance with [defendant's] response"); Woods v. State, 342 So.2d 27, 28 (Ala.Cr.App. 1976) (conviction upon guilty plea which was remanded for a determination of whether defendant should be treated as youthful offender was affirmed on authority of Clemmons on return to remand after trial court denied youthful offender treatment).
It is clear that, had Lochli been informed of his right to apply for youthful offender treatment prior to pleading guilty in 1987 and applied for such treatment, his application would have been denied. At the time he pleaded guilty to the burglary charge, Lochli had already been denied youthful offender treatment for a prior offense and, in fact, was on probation for that offense. We fully agree with the trial court's denial of youthful offender treatment for the burglary charge.
In Pardue v. State, the defendant filed a petition for post-conviction relief asserting that his two 1973 murder convictions should be "set aside because he was not informed of his right to request youthful offender treatment prior to pleading guilty." 566 So.2d at 504. After two evidentiary hearings, the trial court denied the petition in a written order in which he specifically found that Pardue would not have been granted youthful offender status in these two murder cases. This Court affirmed the denial of the petition, stating:
 "[T]he circuit court should have advised the petitioner of his youthful offender rights before accepting the guilty pleas as to the two murder charges. However, we agree with the findings of the postconviction court that, under the circumstances, the circuit court would not have granted youthful offender treatment. As this Court noted in Byrd v. State, 497 So.2d 235, 236 (Ala.Cr.App. 1986):
 " '[W]e find that to require the trial court to call appellant back before it for the purpose of advising him again of his right to request youthful offender status, knowing that the request would be denied, would amount to ordering the court to perform a useless act, which we are not disposed to do. It is clear that the failure of the trial court in the instant case to expressly advise appellant of the provisions of the Youthful Offender Act, in view of the proceedings in the previous case [in which youthful offender treatment was denied], and the statement of the trial court that had the request been renewed in the present case, it would have been denied, did not result in prejudice to appellant, and if indeed it constituted error, it was error without injury.' "
566 So.2d at 504-05.
The same is true in the present case. Lochli should have been informed of his right to apply for youthful offender treatment before the acceptance of his guilty plea in the 1987 burglary case. However, any prejudice to Lochli has been cured by the trial court's remedial action in the present case.
Lochli relies upon Coleman v. Alabama to support his position that his 1987 burglary conviction should be set aside. However,Coleman is factually distinguishable from the present case. Coleman originally filed a petition for writ of error coram nobis challenging the validity of two prior convictions on the ground that he was not advised of his right to apply for youthful *Page 299 
offender treatment. 827 F.2d at 1471 n. 4. While Lochli's post-trial motions obtained for him both a hearing on his claim and an opportunity to retroactively apply for youthful offender treatment, Coleman's petition was summarily denied by the circuit court and this denial was affirmed, without opinion.Id. Coleman then filed a petition for writ of habeas corpus in federal court. Although the Eleventh Circuit Court of Appeals vacated Coleman's prior convictions because he had not been informed of his right to apply for youthful offender treatment, a close reading of Coleman indicates that such action is necessary only where the defendant has not been informed of this right and has not been afforded any remedy in state court. As the court observed: "We may not determine whether Coleman would have received youthful offender treatment [when he pleaded guilty]." 827 F.2d at 1475 (emphasis added).
After the Eleventh Circuit decided Coleman, our Supreme Court stated that
 "in a case in which the youthful defendant enters a plea of 'guilty,' without notice of the [Youthful Offender] Act, any subsequent notice by the court would be ineffective. Thus, the defendant, in such a case, would be entitled to withdraw his former 'guilty' plea and proceed with his application for youthful offender treatment."
Ex parte Petty, 548 So.2d 636, 638 (Ala. 1989) (footnote citing and quoting from Coleman omitted). In this case, Lochli was
afforded the remedy of retroactively applying for youthful offender treatment. His application was then considered and denied on the basis of his situation as it existed in 1987. Thus, the clear intent of both Coleman and Petty has been met. It would be utterly useless to set aside Lochli's 1987 burglary conviction and remand that cause so that Lochli might be informed of his right to apply for youthful offender treatment when he has already been advised of that right and has had his application for such treatment considered and denied. Cf.United States v. Lewis, 875 F.2d 444, 445 (5th Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989) ("it is not necessary in every instance to vacate a plea that was accepted in violation of Rule 11 [F.R.Cr.P., which requires the trial judge accepting a guilty plea to ascertain, among other things, that the defendant understands the maximum and minimum sentence]. Rather, we must review the district court's remedy following a Rule 11 violation and determine whether the remedy eliminated any prejudice the defendant suffered as a result of the violation"). Furthermore, Lochli fully agreed to the remedial action taken by the trial court and is now estopped to complain of any alleged insufficiency of that action. Cf. Phillips v. State, 527 So.2d 154, 156 (Ala. 1988) ("a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby").
We again observe that Lochli has made no allegation or offered any proof that he would not have pleaded guilty to the burglary charge had he been informed of his right to apply for youthful offender treatment and denied such treatment in 1987.See Johnson v. Fogg, 653 F.2d 750, 753 (2d Cir. 1981), cert. denied, 456 U.S. 907, 102 S.Ct. 1755, 72 L.Ed.2d 164 (1982) (although alleging that the judge failed to advise him of the maximum possible sentence, the defendant's "habeas petition does not even allege that his decision to plead guilty would have been altered by fuller knowledge of the consequences of his plea, even though he would have had to establish this as a prerequisite to habeas relief"). Indeed, the facts show that he had pleaded guilty in a prior case (CC-86-541FW) after his application for youthful offender status had been denied.
For the reasons stated above, the judgment of the circuit court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; MOTION DENIED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
All Judges concur.
[1] We note that Coleman v. Alabama, 827 F.2d 1469 (11th Cir. 1987), upon which Lochli relies, involved a petition for writ of habeas corpus filed in federal court and attacking only the validity of the prior convictions. That situation is to be distinguished from the facts of this case, where Lochli contends that his sentences for the instant offenses were erroneously enhanced by attacking the validity of the underlying conviction.
[2] It must be remembered that there is no right to youthful offender treatment, only a right to be considered for such treatment. See Ala. Code 1975, § 15-19-1(a); Norris v. State,429 So.2d 649, 651 (Ala.Cr.App. 1982).The decision to grant or deny youthful offender treatment lies within the discretion of the trial court. § 15-19-1(b); Benton v. State, 536 So.2d 162,163 (Ala.Cr.App. 1988); Goolsby v. State, 492 So.2d 635,636 (Ala.Cr.App. 1986). *Page 300