Cleveland Jenkins, on the advice of his attorney, pleaded guilty to second degree robbery, a class B felony, and was sentenced in the Escambia County Circuit Court to life in the penitentiary under Alabama's Habitual Felony Offender Act, Ala. Code 1975, § 13A-5-9. Jenkins did not appeal from that conviction and sentence. Jenkins later filed a timely post-conviction petition for relief from judgment under Rule 20, Temp.A.R.Crim.P.,[1] asserting, among other things, that he had not been effectively represented by his attorney and that, as a result, he had received an excessive sentence. The trial court dismissed Jenkins's petition without a hearing, apparently ruling that his claims were procedurally barred under Rule 20.2(a)(5), supra. Rule 20.2(a)(5) precludes relief based upon any ground "[w]hich could have been but was not raised on appeal, unless the ground for relief arises under Rule 20.1(b)" (lack of jurisdiction to render a judgment or impose a sentence). The Court of Criminal Appeals affirmed the dismissal 579 So.2d 711, specifically holding that all of the grounds for relief asserted by Jenkins in his Rule 20 petition, including his claim of ineffective assistance of counsel, were precluded under Rule 20.2(a)(5). Jenkins then petitioned for a writ of certiorari, which we issued pursuant to Rule 39, Ala.R.App.P. We affirm in part, reverse in part, and remand.
The record in this case shows that those grounds asserted by Jenkins in his Rule 20 petition other than his claim of ineffective assistance of counsel were procedurally barred under Rule 20.2(a)(5); *Page 177 
therefore, the trial court and the Court of Criminal Appeals properly refused to consider them to be a basis for granting the relief requested. However, Jenkins's ineffective assistance of counsel claim was reviewable pursuant to Rule 20.1(a). SeeEx parte Lockett, 548 So.2d 1045 (Ala. 1989); Ex parte Clisby,501 So.2d 483 (Ala. 1986).
Citing Snipes v. State, 404 So.2d 106 (Ala.Crim.App. 1981), cert. quashed, 404 So.2d 110 (Ala. 1981), Jenkins argues that his attorney failed to properly investigate his prior convictions in Florida, which were all based upon pleas of nolocontendere, to determine whether evidence of those convictions should have been admitted for the purpose of enhancing his sentence. After carefully reviewing the record, we conclude that Jenkins's Rule 20 petition appears to have merit. If, as the record indicates, the Florida convictions were used to enhance Jenkins's sentence under the Habitual Felony Offender Act, then Jenkins would be entitled to relief, because Alabama law prohibits the introduction of evidence of previous convictions based on pleas of nolo contendere for enhancement purposes. See Snipes v. State, supra. See, also, Davis v.State, 507 So.2d 1023 (Ala.Crim.App. 1986); Harrison v. Jones,880 F.2d 1279 (11th Cir. 1989). It would appear, therefore, that under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), the representation provided to Jenkins with respect to his sentencing on the robbery charge fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his attorney's failure to object to the use of the Florida convictions, the sentence would not have been as long. See, also, Harrison v. Jones, supra. Our conclusion in this regard is strengthened by the district attorney's initial response to Jenkins's petition:
 "That Petitioner's claim that he had ineffective assistance of counsel was a matter which could have been raised on appeal.
 "That the Petitioner's claim that he was improperly sentenced for Robbery Second Degree to a life sentence has merit in that the previous convictions to which he admitted at his sentencing hearing were actually based upon pleas of nolo contendere and therefore under Alabama law may not be used to enhance his sentence and therefore the maximum penalty for the offense of which he was convicted is twenty years."
For the foregoing reasons, we hold that the Court of Criminal Appeals erred in holding that Jenkins's claim of ineffective assistance of counsel was procedurally barred under Rule 20.2(a)(5). Accordingly, the judgment of the Court of Criminal Appeals is affirmed in part and reversed in part, and the case is remanded for a consideration of the merits of Jenkins's ineffective assistance of counsel claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., concurs in the result.
[1] We note that post-conviction remedies are now governed by Rule 32 of the new Alabama Rules of Criminal Procedure, which became effective January 1, 1991.