ON RETURN. TO REMAND
PER CURIAM.
On June 14, 1991, the Alabama Supreme Court reversed in part and affirmed in part this court’s affirmance of the dismissal of Jenkins’s Rule 20, A.R.Crim.P., Temp., petition in this case. In this court’s unpublished memorandum opinion, the court stated that all of the issues raised in Jenkins’s Rule 20 petition were procedurally barred. In its opinion, the Supreme Court held that all of the claims were procedurally barred except the ineffective assistance of counsel allegation. Jenkins argues that “his attorney failed to properly investigate his prior convictions in Florida, which were all based upon pleas of nolo contendere, to determine whether evidence of those convictions should have been admitted for the purpose of enhancing his sentence [under the Habit *150 ual Felony Offender Act].” Ex parte Jenkins, 586 So.2d 176 (Ala.1991).
“Alabama law prohibits the introduction of evidence of previous convictions based on pleas of nolo contendere for enhancement purposes.” Ex parte Jenkins, 586 So.2d at 177; Snipes v. State, 404 So.2d 106 (Ala.Crim.App.1981). Thus, the Supreme Court stated that it appeared “that under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the representation provided to Jenkins with respect to his sentencing on the robbery charge fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his attorney’s failure to object to the use of the Florida convictions, the sentence would not have been as long.” Ex parte Jenkins, 586 So.2d at 177.
On the authority of the Supreme Court’s opinion, we remanded this cause to the circuit court with instructions that a hearing be held on Jenkins’s allegation of ineffective assistance of counsel. 586 So.2d 177. After the hearing, the circuit court issued an order. In its order, the court states:
“Neither the defendant nor the state offered any testimony or other evidence during the hearing, except the state filed an affidavit from the defendant’s former counsel. Said affidavit was marked as state’s exhibit number one and admitted into evidence by agreement of the parties. Having considered the matter, it is the finding and conclusion of this court that the defendant did not have ineffective assistance of counsel upon his entering a plea of guilty on September 14, 1988. However, it is the further finding and conclusion of this court that the defendant did have ineffective assistance of counsel at the time he was sentenced by this court on said date. It is therefore ORDERED AND ADJUDGED that the sentence imposed by this court on said date is hereby set aside and held for naught. Whereupon, the parties informed the court that an agreement had been reached whereby the court would sentence the defendant to be incarcerated in the state penitentiary for a term of fifteen (15) years, and be given credit for any time previously served. It is therefore ORDERED AND ADJUDGED by the court that the defendant shall be incarcerated in the state penitentiary for a term of fifteen (15) years, and be given credit for any time previously served in this case.”
The circuit court properly found that Jenkins had been denied the effective assistance of counsel at sentencing and it correctly resentenced Jenkins to a term of 15 years’ imprisonment.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.