BOWEN, Judge,
dissenting.
Ex parte Rice, 565 So.2d 606 (Ala.1990), does not require the remand of every petition unanswered by the State. As I have stated before, “neither Rice nor the Rules of Criminal Procedure prevent the circuit court, in an appropriate ease, from dismissing a petition for post-conviction relief without first having a response from the prosecutor.” Bishop v. State, 592 So.2d 664, 665 (Ala.Cr.App.1991) (Bowen, J., dissenting).
Rule 32.7(d) provides for summary disposition by the trial court of a petition for post-conviction relief if
“the court determines that the petition is not sufficiently specific, or is precluded, or *1390 fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.... ”
In this case, the petitioner challenges his 1988 conviction for robbery. That conviction was affirmed on direct appeal. See Gay v. State, 562 So.2d 283 (Ala.Cr.App.1990). The petitioner presents the following grounds for relief: (1) his conviction was based on evidence obtained pursuant to an unlawful arrest; (2) ^the prosecution failed to disclose exculpatory evidence; (3) the court had no jurisdiction to impose a sentence of life without parole because his prior convictions used to enhance punishment under the Alabama Habitual Felony Offender Act either were not properly proved, or (4) were based on Youthful Offender adjudications, or were the result of “illegal guilty pleas”; and (5) his trial and appellate counsel were ineffective.
The first three grounds could or should have been raised on direct appeal. See Rule 32.2(a)(3) and (5). The fourth ground is not cognizable in a petition attacking the petitioner’s robbery conviction. See Lochli v. State, 565 So.2d 294, 296 (Ala.Cr.App.1990) (validity of underlying prior convictions should be challenged by filing a separate Rule 32 petition attacking each underlying conviction).
Regarding the fifth ground, ineffectiveness of counsel, petitioner alleges that
“his court appointed counsel was grossly ineffective at trial and his court appointed counsel was also grossly ineffective on the appellate level, such as was to render the petitioner’s trial unconstitutional and also his sentence hearing, was such as to render the petitioner’s fundamental overall litigation by his trial counsel and his appellate counsel, to the fact that this petitioner’s trial was a sheer mockery of this honorable court’s intelligence.”
These allegations are unsupported by any facts and warrant dismissal of the petition for “fail[ure] to state a claim” under Rule 32.7(d).
When it is clear that the petitioner is not entitled to relief under any circumstances, the trial court is authorized to dismiss the petition without requiring a response from the State. See Bishop v. State, supra.