McMILLAN, Judge.
Petitioner appeals from the denial of his Rule 32, A.R.Cr.P., petition. At the outset, we note that the petitioner did not reserve his right to appeal his guilty plea; he did not file a motion to withdraw that plea; and he did not directly appeal his conviction on sexual abuse.
The petitioner alleged the following in his Rule 32 petition:
“I. The trial court was without jurisdiction to render the judgment or impose the sentence because:
“A. he was not given reasonable notice of the State’s intent to enhance his sentence under the habitual offender act;
“B. his constitutional rights were violated when the State introduced prior military offenses which occurred while the appellant was in the army; and “C. the State failed to prove whether he was represented by counsel on the prior military convictions or whether he waived his right of representation.
“II. The sentence imposed exceeds the maximum authorized by law.
“III. He was denied effective assistance of counsel because:
“1) his trial counsel failed to object to the State’s lack of notice in proceedings under the enhancement provisions; and
“2) his counsel failed to object to the admission of the prior military convictions.”
The record indicates that the petitioner’s arguments in paragraphs I and II could have been raised at the sentencing hearing pursuant to Rule 32.2(a)(4), A.R.Cr.P. Therefore, these issues are precluded from appellate review. However, pursuant to Rule 32.1(a), A.R.Cr.P., petitioner’s argument in paragraph III, alleging ineffective assistance of trial counsel, is not precluded from review. That rule provides:
“Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
“(a) The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.”
In Ex parte Jenkins, 586 So.2d 176 (Ala.1991), the Alabama Supreme Court, quoting Ex parte Lockett, 548 So.2d 1045, 1048 (Ala.1989), reaffirmed the principle that “ineffective assistance of trial counsel claims *1077 are cognizable in Rule 20 petitions, pursuant to Rule 20.1(a), Temp.A.R.Cr.P.” See also Ex parte Jackson, 598 So.2d 895 (Ala.Cr.App.1992). Thus, because the petitioner has raised an ineffectiveness claim that appears to have merit he is entitled to “an evidentiary hearing to determine disputed issues of material fact,” pursuant to Rule 32.9(a), A.R.Cr.P.
This cause is hereby remanded to the Circuit Court of Mobile County with instructions to hold an evidentiary hearing on petitioner’s ineffective assistance of counsel claim. The trial court shall also make specific findings as to each material issue of fact presented, and shall file these findings in this Court within 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
TAYLOR, J., concurs in result with opinion.