This is an appeal from the denial of four petitions for post-conviction relief under Rule 32, A.R.Crim.P. In 1990, the appellant pleaded guilty to, and was convicted of, robbery, sodomy, kidnapping, and rape. He was sentenced as a habitual offender to four concurrent terms of life imprisonment.
In 1991, the appellant filed rule 32 petitions attacking the sentences he received for these four convictions. The appellant claims that his sentences were illegally enhanced by prior felony convictions which occurred when he was under the age of 21 and was eligible to be considered a youthful offender, but for which he was not *Page 496 
informed of his right to apply for youthful offender treatment.
We construe this claim to be a challenge to thevalidity of the appellant's prior convictions. A Rule 32 petition attacking the appellant's most recent (triggering) convictions is not the proper forum in which to challenge the validity of the appellant's prior (underlying) convictions. The validity of a prior conviction should be challenged by filing a petition for post-conviction relief from that conviction.Lochli v. State, 565 So.2d 294, 296 (Ala.Cr.App. 1990). CompareEx parte Madden, 602 So.2d 1192 (Ala. 1991) (reaffirming the rule that when a defendant attacks the validity of a prior felony conviction used for purposes of enhancement, the proper forum is a separate Rule 32 petition addressed to that prior conviction).
The appellant also claims that the attorney who represented him at the guilty plea proceedings was ineffective for failing to investigate the underlying prior convictions, failing to discover that the appellant was not advised of his youthful offender rights prior to those convictions, and failing to challenge their use for enhancement of the appellant's sentences for the triggering offenses.
This claim is without merit. In Goodwin v. State,516 So.2d 818 (Ala.Cr.App. 1986), cert. quashed, 516 So.2d 821 (Ala. 1987), this Court stated:
 "While a prior adjudication as a youthful offender cannot be used to enhance punishment under Alabama's Habitual Felony Offender Act, Ex parte Thomas, 435 So.2d 1324 (Ala. 1982), the properly authenticated evidence of a prior felony conviction need not indicate that the accused waived youthful offender treatment or was denied treatment as a youthful offender.
 "Youthful offender rights under a prior conviction cannot be raised at the sentencing hearing of an habitual felony offender but may be challenged by a petition for writ of error coram nobis. Jones v. State, 431 So.2d 1367, 1372
(Ala.Cr.App. 1983), followed in Ex parte Scott, 460 So.2d 1371, 1374 (Ala. 1984)."
Goodwin v. State, 516 So.2d at 821, quoted in Lochli v. State,565 So.2d at 296 (emphasis added by the court in Lochli).
Because there is no requirement that a judgment entry affirmatively show that a defendant waived or was denied youthful offender treatment, the appellant's counsel was under no duty to investigate that aspect of the appellant's underlying convictions. See Goodwin v. State, supra. The rule is apparently otherwise when the judgment entry evidencing the prior conviction discloses, on its face, an impediment to the use of the prior conviction for enhancement. See Ex parteJenkins, 586 So.2d 176 (Ala. 1991).
In Jenkins, the Alabama Supreme Court held that the propriety of enhancing a defendant's sentence for a triggering offense based on prior Florida convictions stemming from nolo contendere pleas should have been raised on direct appeal of the most recent triggering conviction, and not on collateral attack of the Florida nolo plea convictions. Compare Ladd v.State, 577 So.2d 926 (Ala.Cr.App. 1990) (wherein the court held that petitioner's claim that his sentence had been illegally enhanced by a federal conviction with no state counterpart was properly presented by petition for post-conviction relief because it called into question the jurisdiction of the court to impose sentence), cert. denied, 577 So.2d 927 (Ala. 1991). InJenkins, the Court concluded that the "ineffective assistance of counsel claim was reviewable" on collateral attack of thetriggering conviction. Ex parte Jenkins, 586 So.2d at 177.
We think Jenkins is distinguishable because it involved judgment entries for prior Florida nolo plea "convictions" which were patently inadmissible in Alabama to enhance sentence. See Snipes v. State, 404 So.2d 106 (Ala.Cr.App.),cert. quashed, 404 So.2d 110 (Ala. 1981). Unlike a judgment entry evidencing a Florida nolo plea conviction which shows, on its face, that it is not available for enhancement purposes in Alabama, a facially-valid Alabama conviction, for which the defendant may not have been advised of his youthful offender rights, *Page 497 
does not serve to put counsel on notice of the need for investigation.
Absent information from his client alerting him to a latent defect in the prior conviction that renders that conviction unavailable to enhance sentence, counsel is not ineffective for failing to challenge the use of a facially-valid prior conviction for enhancement purposes. The appellant's Rule 32 petition did not allege that he informed his attorney at the guilty plea proceedings that the prior convictions upon which the State relied to enhance his sentence occurred during his minority and were not preceded by advice regarding his right to apply for youthful offender treatment.
The appellant's claims are cognizable, if at all, in a proceeding collaterally attacking his underlying prior convictions.
The judgment of the district court denying the petitions is affirmed.
AFFIRMED.
All Judges concur.