ON RETURN TO REMAND
BOWEN, Presiding Judge.
This Court remanded this cause for a consideration of the petitioner’s claim of ineffective assistance of trial counsel. 627 So.2d 1080. On remand the circuit court entered the following findings, among others:
“1. That the Petitioner was represented at trial by attorneys Bobbie McSheri-dan and Steve Giddens and that the Petitioner received more than adequate representation by his attorneys.
“2. That the attorneys were prepared for trial.
“3. That the State of Alabama followed the correct procedure for the admission of the Petitioner’s confession.
“4. That counsel for the Petitioner fairly and adequately represented him and the trial in which the Petitioner was convicted produced a just result.
“5. That the evidence against the Petitioner included the identification of the Petitioner by the victim and the defendant’s confession.
“6. That the claim of the Petitioner that his trial counsel denied him effective assistance of counsel at trial in regard to Case No. CC 88 424 is without merit. The Court has carefully considered the United States Supreme Court case of Strickland v. Washington [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] and the Alabama Supreme Court case of [Ex parte] Jenkins, [586 So.2d 176 (Ala.1991),] in regard to the evidence in this case.”
The records of this Court show that the circuit judge who denied the petition for post-conviction relief was the same judge who presided over the petitioner’s 1989 rape trial.
*1082 For these reasons, the judgment of the circuit court denying the petition for post-conviction relief is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.