BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Ildefonso Raul Austin, challenges his 1992 guilty plea convictions for robbery in the first degree (six counts), receiving stolen property in the first degree, assault in the first degree, and illegal possession of a pistol. The petitioner claims that he was denied the effective assistance of counsel because counsel did not investigate the facts of the case and failed to 'investigate the validity of the appellant’s prior felony convictions offered by the State for sentence enhancement purposes. The appellant also contends that his sentence exceeds that authorized by law and that his guilty plea was involuntary.
The district attorney filed a one sentence answer: “Petitioner’s Rule 32 petition from his guilty plea is due to be denied because it raises issues which could have been but were not appealed.” C.R. 58. The circuit court dismissed the petition because “[t]he matter is one which is inappropriate for relief because it is one which could have been but was not raised on appeal.” C.R. 59. There was no direct appeal of the appellant’s convictions.
The attorney general contends: “In the instant case, the Rule 32 judge, the Honorable Robert G. Kendall, who was also the trial judge, determined, from the pleadings and from his own knowledge of this case, that an evidentiary hearing was unwarranted and that the defendant’s petition was due to be dismissed.” Appellee’s brief at 6. That statement is totally incorrect. The appellant’s guilty pleas were accepted by Circuit Judge Robert E. Key. C.R. 3, 7, 11, 15, 19, 23, 27, 30, 33. Although the petition for post-conviction relief was denied by Circuit Judge Robert G. Kendall, there is no evidence to support the statement that the trial judge examined the pleadings of this case.
A claim of ineffective assistance of counsel can be raised in a petition for post-conviction relief. Ex parte Rivers, 597 So.2d 1308, 1310 (Ala.1991); Ex parte Jenkins, 586 So.2d 176, 177 (Ala.1991), and cases cited therein. See also H. Maddox, Alabama Rules of Criminal Procedure § 32.2 at 289 (Supp.1992). Here, the petition is meritorious on its face because it contains allegations, which, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). The merits of the allegations of the petition were not addressed by the district attorney in his motion for summary dismissal.
Jurisdiction of this cause is transferred to the circuit court with directions that that court set aside its order of dismissal and conduct an evidentiary hearing pursuant to Rule 32.9, A.R.Crim.P. Because the appellant may appeal from any adverse ruling by the circuit court on the merits of his petition, this appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.