COBB, Judge.
The appellant, Richard John Beavers, was indicted on a charge of criminal mischief in the first degree. Specifically, the appellant was charged with intentionally causing in excess of $1,000 damage to a 1985 Pontiac automobile belonging to Richard Gilbert. (CR.2-3.) The appellant entered a plea of not guilty. (CR.8.) The appellant, through counsel, applied for youthful offender status; the trial judge denied the request on the basis of the appellant’s age. However, the trial judge noted that this issue was preserved for review. (R. 15.) The trial judge then determined that the appellant’s arraignment was not valid because he was not represented by counsel at arraignment. The appellant declined the appointment of counsel but was subsequently represented by the public defender. The appellant pleaded guilty to the charge of criminal mischief in the first degree and was sentenced to imprisonment for one year and one day. (CR.64.)
The appellant contends that the trial court erred by not granting him youthful offender status. Specifically, the appellant argues that he was not yet 21 when the incident giving rise to the charge occurred. (C. 19.) However, this contention is without merit.
Ala.Code 1975, § 15-19-1, states:
“A person charged with a crime which was committed in his minority but was not disposed of in juvenile court ... shall ... be investigated and examined by the court to determine whether he should be tried as a youthful offender....”
“The Youthful Offender Act is intended to extricate persons below twenty-one years of age.” Pardue v. State, 566 So.2d 502, 505 (Ala.Crim.App.1990).
Here, the record shows that the appellant was bom at 11:42 a.m. on April 17, 1973. (R. 21.) The offense occurred on April 17,1994, before 11:42 a.m. (R. 20.) The trial judge requested research on this issue and then denied the appellant youthful offender status. (R. 23.) The trial judge stated in his order that “the law generally considers a person to have reached a particular age at the first instant of that particular anniversary of the persons’s birth.” We agree.
In Massey v. Massey, 597 So.2d 1875 (Ala.Civ.App.1992), the Court of Civil Appeals was faced with a similar issue. In Massey, the question was whether the child had attained *215 the age of majority for purposes of applying for postminority support for college expenses. The parties in that case stipulated that the child was born at 4:30 p.m. on February 12, 1972. The petition for modification was filed on February 12, 1991, the day of the child’s birthday. In affirming the trial court’s denial of the petition seeking postminority support, the Court of Civil Appeals noted: “On the 19th anniversary of [his] birth, a year has passed from the time that the child [turned] 18.” 597 So.2d at 1376. The same reasoning applies in this case.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.